**Chunfu WANG, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 04–70468.

Agency No. A76–868–360.

United States Court of Appeals, Ninth Circuit.

Submitted: May 12, 2005.\*\*

Decided: June 21, 2005.

Nelson, Circuit Judge, filed dissenting opinion.

Charles J. Kinnunen, Esq., Hagatna, GU, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA; District Director and Robbin K. Blaya, Esq., Hagatna, GU; and DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: D.W. NELSON, KOZINSKI and CALLAHAN, Circuit Judges.

MEMORANDUM \*\*\*

■  1.  Wang gave materially inconsistent accounts concerning his requests for asylum and withholding of removal based

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States. *See* Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

on his wife's alleged forced sterilization. He varied in his description of when his wife was sterilized, as well as whether he accompanied his wife home from the hospital after the birth of their second child or rather fled in fear of the authorities who wished to sterilize her. The immigration judge gave Wang an opportunity to explain the discrepancies, but he was unable to do so. There likewise were material inconsistencies in his request for relief based on the 1989 demonstration, most significantly relating to where he resided in the years following the demonstration when he was allegedly hiding from authorities. The immigration judge thus had an adequate basis in the record for concluding that Wang failed to provide credible evidence demonstrating past persecution or a well-founded fear of future persecution. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir.2003).

■ 2. Petitioner did not exhaust his claim that the immigration judge erred in finding petitioner's asylum application to be frivolous. Petitioner's brief to the Board of Immigration Appeals mentioned the issue only in a single sentence in the conclusion, without providing any authority or argumentation. We therefore lack jurisdiction to consider the claim. *See* 8 U.S.C. § 1252(d)(1).

DENIED.

D.W. NELSON, Circuit Judge, dissenting.

I respectfully dissent. Wang did not, as the majority suggests, give "materially inconsistent accounts" of his wife's alleged forced sterilization. The majority states that Wang provided inconsistent descriptions of the date on which his wife was sterilized and that this perceived inconsistency supports the IJ's adverse credibility finding. I cannot agree. First, there is no clear discrepancy between Wang's 2001 asylum declaration and his in-court testimony regarding the date of his wife's forced sterilization. Wang's declaration does not provide a date of this sterilization. Second, even if Wang's testimony had been inconsistent on this point, we have repeatedly held that minor discrepancies in dates cannot support an adverse credibility finding. *See Bandari v. INS*, 227 F.3d 1160, 1166 (9th Cir.2000); *Martinez–Sanchez v. INS*, 794 F.2d 1396, 1400 (9th Cir.1986).

The majority also states that Wang's 2001 declaration and his in-court testimony differ regarding whether he accompanied his wife home from the hospital after the birth of their second child and that the IJ provided Wang a sufficient opportunity to explain this perceived inconsistency. I disagree. While the IJ asked Wang to explain this inconsistency, she asked a compound question and failed to follow-up when Wang only answered the portion of her question regarding when his wife left the hospital. This does not amount to a "reasonable opportunity" to explain the perceived inconsistency as required by our case law. *See Chen v. Ashcroft*, 362 F.3d 611, 618 (9th Cir.2004). Finally, a likely explanation for any inconsistency on this matter is poor translation. Wang's declaration was translated from Chinese and is riddled with grammatical errors due to obvious interpretation problems. We have "long recognized that difficulties in interpretation may result in seeming inconsistencies." *Manimbao v. Ashcroft*, 329 F.3d 655, 662 (9th Cir.2003). For the foregoing reasons, I would reverse the IJ's adverse credibility finding and remand for further proceedings. Therefore, I dissent.